UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

                                                      Docket No.: 10 CV 1120 (SJS)(THK)

DONALD BROOKS,

                                     Plaintiff,

                  -against-                ***REQUESTS TO CHARGE***

THE LONG ISLAND RAILROAD COMPANY,

                                  Defendant.

----------------------------------------------------------------------x

        1.     The plaintiff in this case seeks damages for personal injuries, alleged to have been suffered as a result of negligence on the part of the defendant, his employer. *Devitt and Blackmar, Federal Jury Practice and Instructions ("FJPI"), Vol. 3, §94.01.*

        2.     Section 1 of the Federal Employers' Liability Act (45 USCA §51) under which the plaintiff claims the right to recover damages in this action, provides in part that:

> *Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C.A. §51.*

        To recover under the Federal Employers' Liability Act, a plaintiff must prove: (1) that defendant is a common carrier by railroad engaged in interstate commerce; (2) that the plaintiff was employed by the defendant with duties furthering such commerce; (3) that the injuries were sustained while plaintiff was so employed; and (4) that the injuries were the

result of the defendant's negligence. *Lowery v. Illinois Central Gulf Railroad Co., 891 F.2d 1187 (5th Cir., 1990).*

It is agreed that, at the time and place alleged by plaintiff, the defendant was a common carrier by railroad, engaged in interstate commerce. It is further agreed that the plaintiff was then an employee of the defendant railroad, engaged in such commerce; and that the plaintiff's right, if any, to recover for injuries he claims to have sustained is governed by the provisions of the Federal Employers' Liability Act. FJPI §94.09.

3.     Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary care under the circumstances in the management of one's person or property. FJPI §94.02.

4.     It is the continuing duty of defendant, as an employer, to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition. This does not mean, of course, that the employer is a guarantor or insurer of the safety of the place to work. The extent of the employer's duty is to exercise ordinary care under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case. FJPI §94-10.

5.     "Ordinary care" is that care which reasonably prudent persons exercise in the management of their own affairs, in order to avoid injury to themselves or their property, or the persons or property of others. FJPI §94.03.

- 2 -

6.     Ordinary care is not an absolute term, but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in the light of all the surrounding circumstances as shown by the evidence in the case. FJPI §94.04.

7.     Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required in the use of ordinary care, will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. To put it another way, as the danger that should be reasonably foreseen increases, so the amount of care required by law also increases. *Tiller v. Atlantic Coast Line R. Co.*, *318 U.S. 54 (1943)*.

8.     Negligence may not be charged against the defendant because it failed to guard against a bare possibility of injury. *Brady v. Southern Ry. Co.*, *320 U.S. 476, 483*.

9.     The mere fact that an accident happened, standing alone, does not, unless otherwise expressly stated, permit the jury to draw the inference that the accident was caused by anyone's negligence. FJPI §94.06.

10.     Defendant had no duty to warn plaintiff of dangers which were open and obvious or which were known to plaintiff. *McLean v. Studebaker Bros. Co.*, *211 N.Y. 475, 479*; *Fitzpatrick v. Fowler*, *168 F.2d 172*.

11.     For the purposes of this action, injury or damage is said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, in bringing about or actually causing the

injury or damage. So if you should find from the evidence in the case that any negligence of the defendant contributed toward any injury or damage sustained or suffered by the plaintiff, you may find that such injury or damage was caused by the defendant's act or omission.

Stated another way, an act or an omission is the cause of the injury or damage if the injury or damage would not have happened, but for the act or omission, even though the act or omission combined with other causes.

12.     On the other hand, if you should find: (1) that the defendant was not negligent; or (2) that the defendant was negligent, but such negligence was not a cause of the injury or damage sustained by plaintiff, then your verdict should be for the defendant. FJPI §94.19.

13.     Defendant had a right to assume that plaintiff would exercise reasonable care for his own safety. An employee cannot recover damages from his employer for injury of which the employee's negligence was the sole proximate cause. *Atlantic Coast Line R. Co. v. Dixon, supra*.

14.     Plaintiff had a duty to exercise reasonable care for his own safety and to avoid unnecessary dangers. *McLean v. Studebaker Bros. Co., supra*.

15.     If you find that plaintiff's own carelessness was the sole cause of his accident, then your verdict must be for the defendant. *Barnett v. Terminal R. Assn, 228 F.2d 756, cert. denied, 351 U.S. 953; Chicago Ry. v. Arnold, 160 F.2d 1002; Atlantic Coast Line R. Co. v. Dixon, supra; New York Central R. Co.v. Marcone, 281 U.S. 345*.

16.     If you find that the plaintiff in fact violated certain safety rules and that this violation was a proximate cause of the accident, your verdict must be for the defendant. Thus,

for the violation of the safety rules alone, as long as the violation was a proximate cause of the accident, the plaintiff is barred from recovery. *Paster v. Penna. R. Co., 43 F.2d 908; Unandilla Valley Ry. Co. v. Caldine, 49 S. Ct. 91, 278 U.S. 139, 73 L.Ed. 224; Hunter v. Texas Elec. Ry. Co., 194 S.W. 2d 281, affirmed 68 S. Ct. 203, 332 U.S. 827, 92 L. Ed. 402*.

17.     If you are not able to determine what caused plaintiff's accident, your verdict must be for the defendant. *Lyons v. Erie R. Co., 57 N.Y. 489, 491 (1874)*.

18.     You are not permitted to guess or speculate in determining the facts or applying the law. *Alexander v. Nash-Kelvinator Corp., 271 F.2d 524 (2d Cir. 1959)*.

19.     Before you can find defendant negligent, you must find that a dangerous condition existed, that this condition caused plaintiff's accident, that defendant had actual or constructive notice of the condition, and that defendant had such notice in time to have prevented said plaintiff's accident. Stated otherwise, before defendant can be charged with negligence in failing to remedy the condition which caused plaintiff's injury or failed to warn plaintiff of the existence of such a condition, it is necessary to establish that the defendant had actual knowledge of the condition or in the exercise of ordinary care should have known of its existence. *Urie v. Thompson, 337 U.S. 163 (1949); Shenker v. Baltimore & Ohio R. Co., 374 U.S. 1 (1963); O'Hara v. Long Island Railroad Company, 665 F.2d 8 (2d Cir. 1981); Trujillo v. The Long Island Rail Road, 80 C 2504 (ERN) (E.D.N.Y. December 4, 1981); Kaminski v. Chicago River and Indiana R. Co., 200 F.2d 1 (7th Cir. 1952); Sano v. Pennsylvania R. Co., 282 F.2d 936 (3d Cir. 1960); Dessi v. Pennsylvania R. Co., 251 F.2d 149 (3d Cir.), cert. denied 356 U.S. 967 (1958); Perkoski v. N.Y.C. & St. L. R. Co., 217 F.2d 642 (6th Cir. 1954)*.

20.    In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff, himself, was a cause of any injuries and consequent damages plaintiff may have sustained.  Contributory negligence is fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

By the defense of contributory negligence, the defendant, in effect, alleges that, even though the defendant may have been guilty of some negligent acts or omissions which was one of the causes, the plaintiff himself by his own failure to use ordinary care under the circumstances for his own safety, at the time and place in question, also contributed one of the causes of any injuries and damages plaintiff may have suffered.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, that the claim that the plaintiff himself was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained.  FJPI §94.16.

21.    Section 3 of the Federal Employers' Liability Act [45 USCA§53] provides, in part that:

> In all actions ... brought against any ... common
> carrier by railroad ... to recover damages for
> personal injuries to an employee, ... the fact that the
> employee may have been guilty of contributory
> negligence shall not bar a recovery, but the damages
> shall be diminished by the jury in proportion to the
> amount of negligence attributable to such employee."
> 45 U.S.C.A., Section 53.

- 6 -

So if you should find, from a preponderance of the evidence in the case, that the defendant was negligent which caused, in whole or in part, any injury or damage to the plaintiff; and should further find, from a preponderance of the evidence in the case, that the plaintiff himself was negligent which contributed to a bringing about all or part of his own injury; then the total award of damages to the plaintiff must be reduced by an amount equal to the percentage of fault or contributory negligence chargeable to the plaintiff. FJPI 94.18.

22.    On the other hand, if you should find: (1) that the defendant was not negligent; or (2) that the defendant was negligent, but such negligence was not a proximate cause of any injuries sustained by the plaintiff; or (3) that negligence of the plaintiff was the sole - the only - proximate result of the accident, then your verdict should be for the defendant.

23.    A person working for a railroad, is obliged to take proper precaution to avoid tripping, falling or slipping. *Tittman v. Great Northern Ry. Co, 252 F.2d 793; Loftem v. Howard, 82 So. 2d 125; Murphy v. Great Northern R. Co., 71 N.W. 662*.

24.    The issues to be determined by the jury in this case are these:

First:  Was the defendant negligent in one or more of the particulars alleged? If your unanimous answer to that question is "No," you will return a verdict for the defendant; but if your unanimous answer is "Yes," you then have a second issue to determine, namely:

Second:  Did the negligence of the defendant cause or contribute to any injury and damage to the plaintiff?

If your unanimous answer to the question is "No," you will return a verdict for the defendant; but if your unanimous answer is "Yes," you must then find the answer to a third question, namely:

- 7 -

> Third:  Was the plaintiff guilty of some contributory
> negligence?
>
> If you should find that he was not, then, having
> found in plaintiff's favor in answer to the first two
> questions, you will proceed to determine the amount
> of plaintiff's damages, and return a verdict in the
> plaintiff's favor for that amount.

On the other hand, if you should find, from a preponderance of the evidence in the case, that the plaintiff himself was guilty of some contributory negligence, and that plaintiff's fault caused or contributed to any injuries which plaintiff may have sustained, then you must compare the negligence of the parties and return a verdict in favor of the plaintiff for a reduced amount, based upon the comparison.  FJPI §94.20.

### *THE LAW ON DAMAGES*

25.     It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.  FJPI § 85.07.

26.     The plaintiff also has a duty to minimize his damages by following the expert recommendations of his physicians.  In other words, a person who has suffered injury by reason of a defendant's negligence is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs of medical care or treatment to restore himself.

Failure of the plaintiff to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent recovery of such damages as might have been avoided thereby.  Devitt, Blackman & Wolff (4th Ed.).

*- 8 -*

27.     Under Section 53, U.S.C.A., Title 45, damages, if any herein, should be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff.

28.     In the event you determine to award the plaintiff a sum of money, you are instructed that the award is not subject to any deductions for federal or state income taxes. FJPI § 85.17.

29.     If you should find that the plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing the defendant, or to serve as an example or warning for others. Nor may you include in your award any sum for court costs or attorney's fees. FJPI §85.16.

30.     Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate for such injury and damage as you find, from a preponderance of the evidence in the case, that he sustained as a proximate result of the accident. You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any perspective loss which, although possible, is not reasonably certain to occur in the future. FJPI §85.14.

31.     You are not to award any damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question. FJPI §85.15.

32.     If you find for plaintiff, you should compensate him for any aggravation of an existing disease or physical defect (or activation of any such latent condition) resulting from such injury. If you find that there was such an aggravation, you should determine, if you can,

what portion of plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the aggravation would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition. FJPI §85.03.

33.    If you should find that the plaintiff is entitled to a verdict, and further find that the evidence in the case establishes either: (1) a reasonable likelihood of future medical expense, or (2) a reasonable likelihood of loss of future earnings, or (3) a reasonable likelihood of future pain and suffering, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since the award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

Under these circumstances, the result is that the plaintiff will in effect be reimbursed in advance of the loss, and so will have the use of money which he would not have received until some future date, but for the verdict.

In order to make a reasonable adjustment for the present use, interest free, of money representing a lump sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of anticipated future loss, by taking (1) the interest rate or return which plaintiff could reasonably be expected to receive on an investment of the lump sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount of the anticipated future loss whatever that amount would be reasonably certain to earn or return, if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present worth -- the reduced amount -- of anticipated future loss. FJPI §85.11.

*Oliveri v. Delta Steamship Lines, Inc.*, 849 F.2d 742 (2nd Cir. 1988); *Doca v. Marina Mercante*

*Nicaraguense, S.A.*, 634 F.2d 30 (2nd Cir. 1980);      *DeChico v. Metro-North Commuter*

*Railroad*, 758 F.2d 856 (2d Cir. 1985).


Dated:     Jamaica, New York
           April 26, 2011

                              Respectfully Submitted,

                              **CATHERINE A. RINALDI, ESQ.**
                              Attorney for Defendant


                              By: _____
                                  **CHRISTOPHER P. YODICE (CPY-9723)**
                                  Law Department - 1143
                                  Jamaica Station
                                  Jamaica, New York  11435
                                  (718) 558-8235
                                  (File No. JN-6449 / L09004762)

TO:     FREDRIC M. GOLD, ESQ.
        FREDRIC M. GOLD, P.C.
        Attorneys for Plaintiff
        450 Seventh Avenue, Suite 1608
        New York, New York 10123
        (212) 244-2740